UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-02415-CAS-JDE | Date | May 15, 2026 |
|---|---|---|---|
| Title | Julian David Cardona Ortiz v. David A. Marin et al. | | |

Present: The Honorable     CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**     (IN CHAMBERS) – EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (Dkt. 2, filed May 1, 2026)

On May 1, 2026, Julian David Cardona Ortiz ("Petitioner"), pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 against David A. Marin, Markwayne Mullin, Pamela J. Bondi, and Thomas P. Giles (collectively, "Respondents"), in their official capacities. Dkt. 1 ("Pet."). Petitioner asserts that his detention violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution. Id. at 2. Petitioner requests, among other things, that the Court order his immediate release from immigration detention. Id. at 17-18.

On the same day, Petitioner filed the instant *ex parte* motion for a temporary restraining order. Dkt. 2. Petitioner's motion for a temporary restraining order requests that the Court order: (1) that Respondents must immediately release Petitioner from custody; and (2) that Respondents are enjoined from re-arresting Petitioner without an adequate pre-deprivation hearing. Id. at 15.

On May 7, 2026, the Court ordered Respondents to file a response to Petitioner's motion for a TRO. Dkt. 8. On May 11, 2026, Respondents filed a response to Petitioner's motion for a TRO. Dkt. 11.

Petitioner alleges in his petition that he is a noncitizen who entered the United States on May 25, 2022 and was detained. See Pet. ¶ 1. Petitioner alleges that he was released under an order of supervision after raising a credible claim for asylum. Id. ¶ 9. Petitioner alleges that he complied with all conditions of his release, but that he was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 5:26-cv-02415-CAS-JDE | Date | May 15, 2026 |
|---|---|---|---|
| Title | Julian David Cardona Ortiz v. David A. Marin et al. | | |

subsequently re-detained on November 18, 2025 and currently remains detained.  Id. ¶¶ 2, 5, 9, 16.

General Order 26-05 sets forth an expedited briefing schedule for petitions for writs of habeas corpus under 28 U.S.C. § 2241 by persons seeking immigration related relief.  See Central District General Order No. 26-05 ("General Order 26-05").  Petitioner's petition for a writ of habeas corpus seeking immigration-related relief is governed by General Order 26-05.  See dkt. 6.  The filing of Petitioner's instant *ex parte* motion for a temporary restraining order does not alter or suspend the parties' obligations under the expedited briefing schedule set forth in the "Notice of General Order 26-05 and Briefing Schedule."  Dkt. 6.  Pursuant to the General Order, Respondents shall file an answer to the petition no later than May 13, 2026.  Respondents have done so.  Dkt. 13.  Petitioner shall file a reply on or before May 27, 2026.  Thereafter, the matter will stand submitted for final disposition.

General Order 26-05 dictates that "[a]pplications for TROs should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  Dkt. 6.  Here, the Court finds that *ex parte* relief on the merits of Petitioner's claims in his petition for a writ of habeas corpus is not justified in this case.  See, e.g., Oscar Emerson Nolasco Argueta v. Secretary of Homeland Security et al, No. 5:26-cv-01687-JLS-E, Dkt. 7 (C.D. Cal., Apr. 7, 2026).  Plaintiff does not allege any imminent, irreparable harm that cannot be addressed by the expedited briefing schedule set forth in General Order 26-05.

Accordingly, Petitioner's instant *ex parte* motion for a temporary restraining order is **DENIED**.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |