O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JULIAN DAVID CARDONA ORTIZ, | ) | Case No. 5:26-cv-02415-CAS (JDE) |
| | ) | |
| Petitioner, | ) | **ORDER ACCEPTING FINDINGS,** |
| | ) | **CONCLUSIONS AND** |
| v. | ) | **RECOMMENDATIONS OF UNITED** |
| | ) | **STATES MAGISTRATE JUDGE** |
| DAVID A. MARIN, Warden of the | ) | |
| Adelanto Detention Center, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## I.    INTRODUCTION

On May 28, 2026, United States Magistrate Judge John D. Early (the "Magistrate Judge") issued a Report and Recommendation granting in part petitioner Julian David Cardona Ortiz's ("petitioner") petition for a writ of habeas corpus. Dkt. 23 ("R&R"). On May 29, 2026, petitioner filed objections to portions of the R&R (the "Objection" or "Obj."). Dkt. 24. Respondents did not file any objections.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and plaintiff's Objections thereto. After

1

having made a *de novo* determination of the portions of the R&R to which plaintiff's Objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II.    BACKGROUND

On May 1, 2026, Julian David Cardona Ortiz ("petitioner"), then proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by immigration authorities, arguing that respondents violated his due process rights, their own regulations, and 8 U.S.C. § 1231(a) by re-detaining him.  Dkt. 1 ("Petition" or "Pet.").

On May 13, 2026, Respondents filed an Answer to the Petition. Dkt. 13 ("Ans.").  Petitioner, through recently appointed counsel, filed a Reply on May 26, 2026. Dkt. 22 ("Reply").

Petitioner is a citizen of Columbia. Pet. at 3, ¶ 1.  He entered the United States on May 25, 2022, and presented himself to border patrol officials. Id.; Ans., Ex. A. Petitioner sought asylum and was released on an order of recognizance. Pet. at 3, ¶ 1; Ans., Eh. A; Reply at 2. Petitioner contends that he complied with all Immigration and Customs Enforcement ("ICE") check-ins. Pet. at 4, ¶ 16.

Between 2023-2025, Petitioner was arrested six times.  Two arrests resulted in documented convictions: (1) the December 2024 violations of a court order preventing domestic violence and a condition of probation "firearm"; and (2) the April 2025 violation of a court order preventing domestic violence.  Ans., Ex. A. A Notice to Appear was issued on September 16, 2024, charging Petitioner as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act.  Id., Ex. B. On August 7, 2025, ICE officers removed Petitioner's ankle monitor and told him to report on November 18, 2025. Pet. at 4, ¶ 16.  On November 18, 2025, when petitioner reported as instructed, he was taken into custody allegedly for failing to comply with the conditions of his order of

2

recognizance.  Id.; Ans. at Ex. A.  Petitioner claims he was re-detained without notice or an opportunity to respond.  Pet. at 8, 10.  Petitioner vaguely asserts that he "had court on March 27, 2026" and "[t]he immigration judge and the [D]epartment of Homeland Security denied [his] release[] on humanitarian parole."  Pet. at 3, ¶ 10.  Respondents do not reference this hearing or affirmatively assert that petitioner was afforded a bond hearing in their Answer.  See generally Ans.  Petitioner remains in custody and his removal proceedings are ongoing.  Pet. at 4, ¶ 18; Reply at 1.

### III.    LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").  Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge.  Fed. R. Civ. P. 72(b)(2).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").  Where no objection has been made, arguments challenging a finding are deemed waived.  See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  Moreover, "[o]bjections to

a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV.    DISCUSSION

Petitioner argues that the R&R's proposed relief, requiring the respondents to provide a Rodriguez bond hearing within seven days of the issuance of an order, does not suffice to address the violations of petitioner's due process rights.  Obj. at 4.  Specifically, petitioner argues that a post-deprivation hearing is not an adequate remedy for the due process violations suffered upon re-detention.  Obj. at 4.

Here, petitioner was arrested and convicted on at least two charges while released on recognizance. Dkt. 13-1 at 5.   The convictions, which allegedly violate the conditions of his release, Ans. at 1, reflect possible changed circumstances that ICE may consider in determining whether to revoke release.  Petitioner contends that the removal of his ankle monitor, which occurred on August 7, 2025, after his convictions, constitutes a determination by ICE that petitioner would not be re-detained as a result of his arrests and convictions. Obj. at 6.

The Court finds that ICE's removal of petitioner's ankle monitor did not reflect a custody determination but rather modified the conditions of his release. Instead, ICE's subsequent re-detention of petitioner in November 2025 reflected ICE's custody determination following the alleged changed circumstances of petitioner's arrests and convictions.  Ans., Ex. A.  The Court agrees with the Magistrate Judge that petitioner's re-detention without a prompt *post-detention* bond hearing was a violation of petitioner's right to due process.  The Court also finds that petitioner is not entitled to immediate release because ICE's revocation of petitioner's release without a *pre-deprivation* hearing does not create the same risk of erroneous deprivation of liberty given the alleged changed circumstances.

Accordingly, the appropriate remedy to petitioner's denial of due process is the provision of a prompt custody re-determination hearing.

**V. CONCLUSION**

Having completed its review, the Court accepts and adopts the findings and recommendations set forth in the R&R.

Accordingly, IT IS ORDERED that Judgment be entered:

1. Granting the Petition, in part, with Respondents ORDERED to: (a) hold an individualized <u>Rodriguez</u> bond hearing for Petitioner before an immigration judge within seven (7) days of this Order at which the government shall bear the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community, with instructions that the immigration judge provide a reasoned decision if bond is denied; OR (b) release Petitioner if no such hearing is provided within seven days; and <span>(A# 240 874 918)</span>

2. Denying all other relief sought by the Petition without prejudice.

Additionally, Respondents shall file a status report within ten (10) days of this Order confirming their compliance with this Order or a status report explaining why there has not been compliance; Respondents shall file proof that the <u>Rodriguez</u> bond hearing occurred and the decision of the immigration judge and/or the release order.

Dated: June 4, 2026

*Christina A. Snyder*

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

5